**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| TERRY DARNELL REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-040 |
| | ) | |
| ROY MINTOR,[1] *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Terry Darnell Reynolds has filed a 42 U.S.C. § 1983 Complaint alleging that he was subjected to excessive force during the course of two separate arrests. *See* doc. 1 at 3-10. He also moved to pursue this case *in forma pauperis*. Doc. 2. Since it appears that he lacks the funds to pay the Court's filing fee, that Motion is **GRANTED**. Doc. 2. The Court, therefore, proceeds to screen his Complaint. *See* 28 U.S.C. § 1915(e)(2).

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal

---

[1] The former chief of the Savannah Police Department is "Roy Minter," not "Roy Mintor." The Clerk is **DIRECTED** to correct the spelling of Defendant's name on the docket.

Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.* at 678, and the facts offered in support of the claims must rise to a level greater than mere speculation, *Twombly*, 550 U.S. at 555. Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Reynolds alleges that at 2:30 a.m. on December 8, 2021,[2] he was stopped by Defendant Pelligrini for riding a bicycle without a light. Doc.

---

[2] Section 1983 claims are, generally, subject to a two-year statute of limitations. *See* O.C.G.A. § 9-3-33; *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). The Clerk docketed Reynolds' Complaint on March 4, 2024. *See generally* doc. 1. However, it is purports to have been signed on December 1, 2023. *Id.* at 14. A cover letter claims that the Complaint was placed in the prison mail system at Central State Prison on that date. *See* doc. 1-1 at 2; *see also, e.g., Washington v. United States*,

1 at 3.  After a brief interrogation, and the arrival of several other officers, Reynolds agreed to be fingerprinted.  *Id.* at 5.  Reynolds, somewhat confusingly, alleges that he both "cooperated with being fingerprinted," and "mounted his bicycle to exit the area." *Id.*  As he attempted to either leave or flee, the officer taking his fingerprints, identified only as John Doe # 2, grabbed Reynolds' jacket and pulled him off of the bicycle to the ground.  *Id.*  Pelligrini then struck Reynolds, causing his head to hit the ground.  *Id.*  John Doe # 2 then began "to kick and stomp" Reynolds, while Pelligrini held Reynolds on the ground.  *Id.* at 6.  Another unidentified officer, John Doe # 1, then dragged Reynolds by his clothing and, with other officers' assistance, "threw" Reynolds into the backseat of a police vehicle.  *Id.*  Reynolds was handcuffed, secured in the vehicle, and transported to a Savannah-area hospital.  *Id.* at 6-7.  During the trip to

---

243 F.3d 1299, 1301 (11th Cir. 2001) (under the "prison mailbox rule," a prisoner's pleading is deemed filed on the date he submits it to prison authorities for mailing). While the Court may apply the statute of limitations to bar a claim at screening, it may do so only when the untimeliness is apparent on the face of the complaint.  *See, e.g., Jones v. Bock*, 549 U.S. 199, 215 (2007).  While the Court cannot foreclose the possibility that Reynolds' claims arising from his December 8, 2021 arrest are time barred, the ambiguous circumstances of the Complaint's filing preclude the Court from applying that bar at this stage.

the hospital Reynolds "was being physically abused and assaulted," in unspecified ways. *Id.* at 7.

The second arrest occurred on April 3, 2022. *See* doc. 1 at 8. Defendant Pelligrini approached Reynolds and at least one other unidentified individual to inquire about "loitering and prowling in the parking lot of [a] Family Dollar . . . ." *Id.* After questioning both Reynolds and the unidentified individual, Pelligrini arrested only Reynolds. *Id.* At some point in the course of the arrest Pelligrini tased Reynolds. *Id.*

First, Reynolds' claims against Roy Minter, the Chief of the Savannah Police Department, should be dismissed. There are no factual allegations implicating Minter in either of the arrests at issue. To the extent that Minter appears in the Complaint at all, Reynolds contends that "[h]e is legally responsible for the overall operation of the Department and each official under its jurisdiction." Doc. 1 at 2. That contention reveals that Reynolds contends Minter is vicariously liable, in his supervisory capacity, for the allegedly tortious conduct of his subordinates. However, § 1983 claims cannot be asserted based on alleged vicarious liability. *See Averhart v. Warden*, 590 F. App'x 873, 874 (11th Cir. 2014) (citing *Keating v. City of Miami*, 598 F.3d 753, 762 (11th

Cir. 2010)) ("Section 1983 claims may not be brought against supervisory officials solely on the basis of vicarious liability or *respondeat superior*."). Accordingly, Reynolds' claims against Defendant Minter should be **DISMISSED**.

Reynolds' factual allegations implicate a claim that he was subjected to excessive force, during the course of the two arrests, in violation of the Fourth Amendment. The Fourth Amendment "encompasses the right to be free from excessive force during the course of a criminal apprehension." *Corbitt v. Vickers*, 929 F.3d 1304, 1315 (11th Cir. 2019) (internal quotation marks and citation omitted). "To establish a Fourth Amendment claim for excessive force, a plaintiff must allege (1) that a seizure occurred and (2) that the force used to effect the seizure was unreasonable." *Id.* (internal quotation marks and citation omitted). Officers may also be liable when they witnessed excessive force, had the ability to intervene, and failed to do so. *See, e.g., Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986); *Hill v. Mazerac*, 2024 WL 558300, at *2 (N.D. Fla. Jan. 16, 2024) ("An officer can also violate the Fourth Amendment by not intervening when another officer used excessive force."). Reynolds

has alleged sufficient facts, for screening purposes, to serve his Complaint.

As summarized above, Reynolds asserts that Defendants Pelligrini, John Doe #1, and John Doe #2 were involved in the first instance of alleged excessive force and Pelligrini alone was involved in the second. Service on Pelligrini, therefore, is clearly appropriate. However, the Court is unable to direct service upon anonymous defendants. This Circuit "generally forbids fictitious-party pleading—that is, claims against fictitious or non-existent parties are usually dismissed." *Smith v. Comcast Corp.*, 786 F. App'x 935, 939 (11th Cir. 2019) (citing *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010)). There is a "limited exception" to the rule "when the plaintiff's description of the defendant is so specific as to make the fictious name, at the very worst, surplusage." *Id.* (internal quotations and citation omitted). "[W]here plaintiffs encounter difficulties in identifying the precise defendants, an appropriate alternative to dismissal may be . . . to permit the plaintiff to obtain their identit[ies] through discovery." *Scott v. Miami Dade Cnty.*,

2023 WL 4196925, at *7 (11th Cir. June 27, 2023) (citing *Brown v. Sikes*,

212 F.3d 1205, 1209 n. 4 (11th Cir. 2000) (internal quotations omitted)).

Although Reynolds' descriptions of the unidentified defendants are

not sufficiently clear for the Court to authorize service upon any of them,

they are sufficiently indicative that he may ascertain their identities

through discovery.  Since service upon Pelligrini is appropriate, the Court

will not dismiss the anonymous defendants at this time.  However,

Reynolds is advised that he remains responsible for identifying

defendants and, if appropriate, amending his pleadings so that they can

be timely served.  *Cf. Temple v. Cox*, 2020 WL 6566177, at *10 (S.D. Ga.

Nov. 9, 2020); *Reid v. Hasty*, 2010 WL 11647079, at *6 (N.D. Ga. Jan. 7,

2010).

In summary, Reynolds' claims against Defendant Minter should be

**DISMISSED**.  This R&R is submitted to the district judge assigned to

this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local

Rule 72.3.  Within 14 days of service, any party may file written

objections to the R&R with the Court and serve a copy on all parties.  The

document should be captioned "Objections to Magistrate Judge's Report

and Recommendations."  Any request for additional time to file objections

should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Since the Court approves for service Reynolds' excessive force claim against Defendant Pelligrini, a copy of Plaintiff's Complaint, doc. 1, and a copy of this Order and Report and Recommendation shall be served upon Pelligrini, by the United States Marshal without prepayment of cost.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Order upon Plaintiff.  The Court also provides the following instructions to the parties that will apply to the remainder of this action.

## <u>INSTRUCTIONS TO ALL DEFENDANTS IN THIS ACTION</u>

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to a defendant by first-class mail and request the defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.5. A defendant has a duty to avoid unnecessary costs of serving the summons, and any defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d). Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that any Defendant in this action is granted leave of court to take the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a)(2). Defendants are further advised the Court's standard 140-day discovery period will commence upon the filing of the last answer. Local R. 26.1. Defendants shall ensure all

discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

If a Defendant takes the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As Plaintiff will not likely attend such a deposition, the Defendant taking the deposition must notify Plaintiff of the deposition and advise him that he may serve on that Defendant written questions Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness in order and word-for-word during the deposition. Fed. R. Civ. P. 30(c). Plaintiff must submit the questions in a sealed envelope within 10 days of the notice of deposition.

## <u>INSTRUCTIONS TO PLAINTIFF</u>

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1. Plaintiff's failure to notify the Court of a change in his address **may result in dismissal of this case**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of every pleading or other document submitted for consideration by the Court on each Defendant (or, if appearance has been entered by counsel,

the Defendant's attorney). Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to each Defendant or the Defendant's counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from a Defendant, Plaintiff must initiate discovery. *See generally* Fed. R. Civ. P. 26 to Fed. R. Civ. P. 37. The discovery period in this case will expire 140 days after the filing of the last answer. Local R. 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Id. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. <u>See</u> Fed. R. Civ. P. 33. Interrogatories may be served only on a **party** to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are **not named** as a defendant. Interrogatories are not to contain more than 25 questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.5.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will**

**authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press this case forward, the court may dismiss it for failure to prosecute.  Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate in any discovery initiated by a Defendant.   Upon no less than five days' notice of the scheduled deposition date, Plaintiff must appear and permit his deposition to be taken and must answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order.  A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order.  A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

# ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

A Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service. Failure to respond shall indicate that there is no opposition to a motion. Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendant's motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in a Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. If a Defendant files a motion for summary judgment, Plaintiff will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That

14

burden cannot be met by reliance on the conclusory allegations contained within the complaint.  If a Defendant's motion for summary judgment is supported by affidavit, Plaintiff must file counter-affidavits if he wants to contest Defendant's statement of the facts.  If Plaintiff fails to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in the Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 6th day of March, 2024.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA