IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

TERRY DARNELL REYNOLDS,

    Plaintiff,

v.

VINCENT PELLIGRINI, et al.,

    Defendants.

CIVIL ACTION NO.: 4:24-cv-40

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's January 31, 2025, Report and Recommendation, (doc. 23), to which plaintiff has not filed an objection. Reynolds' objections to the Report and Recommendation were due no later than February 18, 2025.[1] (Id.); see also, 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b). On March 4, 2025,[2] Reynolds filed a request to extend his deadline to submit objections. (See doc. 24.) The Motion concedes that Reynolds received the service copy prior to the February 18 deadline, (id., p. 1 (acknowledging receipt on Feb. 11, 2025)), and the only reason given for the requested extension is Plaintiff's lack of legal education, (id., p. 2). Although *pro se* parties are entitled to have their filings liberally construed by the Court, "[l]iberal construction does not mean liberal

---

[1] The Report and Recommendation was entered on January 31, 2025. (Doc. 23.) Fourteen days from that date was February 14, 2025. The Federal Rules provide an additional three days to any deadline calculated from the date of service by mail. Fed. R. Civ. P. 6(d). Thus, the deadline would have been February 17, 2025. However, since February 17 fell on a legal holiday, the Federal Rules extended the deadline to the next day, Tuesday, February 18, 2025. Fed. R. Civ. P. 6(a)(1)(C).

[2] Although Reynolds signed the motion on February 14, 2025, (doc. 24, p. 2), and it was postmarked on February 18, 2025, (id., p. 4), since Plaintiff is not incarcerated, he is not entitled to any "mailbox rule." His submission is filed when the Clerk received it. See, e.g., Wilson v. Johnson, Civ. Act. No. 2:23-cv-254-TFM-MU, 2024 WL 3297072, at *1 (S.D. Ala. July 3, 2024).

deadlines." Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999) (citation omitted), overruled on other grounds by Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003).  Since Reynolds' Motion does not show any good cause for his failure to object timely to the Report and Recommendation, it is **DENIED**.  (Doc. 24); see also, e.g., Fed. R. Civ. P. 6(b).  Accordingly, the Court **ADOPTS** the Report and Recommendation as its opinion.  (Doc. 23.)  Defendant Pelligrini's Motion to Dismiss is **GRANTED**.  (Doc. 17.)  Moreover, for the reasons explained by the Magistrate Judge, Reynolds' claims against the anonymous defendants and Savannah Police Department are also **DISMISSED**.  (Doc. 23, pp. 1 n. 1, 13 n. 6, 15.)  Plaintiff's Complaint is **DISMISSED** in its entirety.  (Doc. 1.)  The Clerk of Court is **DIRECTED** to **CLOSE** this case.

    **SO ORDERED**, this 7th day of March, 2025.

---

R. STAN BAKER, CHIEF JUDGE  
UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF GEORGIA